Cuenca Chamba v. Blanche

BIA
Lazare-Raphael, IJ
A220 555 955/956

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty-six.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

JANETH ELIZABETH CUENCA CHAMBA, CHRISTIAN ISAAC PAUCAR CUENCA,

> *Petitioners,*

v.                                                                23-7994
                                                                  NAC

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

**FOR PETITIONER:**          Reuben S. Kerben, Kerben Law Firm, P.C.,
                            Kew Gardens, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant
                            Attorney General; Jessica E. Burns, Senior
                            Litigation Counsel; Shelley K.G. Clemens,
                            Trial Attorney, Office of Immigration
                            Litigation, United States Department of
                            Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Janeth Elizabeth Cuenca Chamba and her minor child, natives and citizens of Ecuador, seek review of a November 16, 2023, decision of the BIA affirming a March 29, 2023, decision of an Immigration Judge ("IJ") denying Cuenca Chamba's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Janeth Elizabeth Cuenca Chamba*, Nos. A 220 555 955/956 (B.I.A. Nov. 16, 2023), *aff'g* Nos. A 220 555 955/956 (Immig. Ct. N.Y. City Mar. 29, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). However, "[w]e consider abandoned

2

any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). Further, "the argument" in an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).

Petitioners' brief abandons a dispositive basis for the denial of asylum and withholding of removal by failing to meaningfully argue it. "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). Petitioners' brief here states that Cuenca Chamba's "attackers and her cousin who abused her were never brought to justice and there is no reason for [her] to believe that she can return to Ecuador safely." Petitioners' Br. at 13. This is insufficient to challenge the agency's finding that Cuenca Chamba did not show that Ecuadorian authorities were or would be unable or unwilling to protect her. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim

3

abandoned where brief "devote[d] only a single conclusory sentence to the argument").

The CAT claim is also abandoned as the brief does not address either the BIA's finding that Cuenca Chamba waived the claim on appeal or the IJ's denial of the claim. *See Debique*, 58 F.4th at 684; *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (holding that where the BIA finds an argument waived, "this Court's review is limited to whether the BIA erred in deeming that argument waived").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
